*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID SELLOW,

          Plaintiff,

          v.

JEREMEY BYRD, et al.,

          Defendants.

Civil Action No. 15-2736 (PGS)

OPINION

**SHERIDAN**, District Judge

Plaintiff David Sellow ("Plaintiff"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed at this time.

## I. BACKGROUND

The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On May 16, 2013, while working in the prison commissary, Plaintiff jumped from a height of about three feet. (Comp. ¶ 5.) When he landed, Plaintiff's right leg slightly bowed between his knee and foot, causing him immediate pain and a tingling sensation. (*Id.*) While taking a shower after work, Plaintiff noticed considerable swelling and increasing pain in his leg. (*Id.*) Plaintiff submitted an emergency medical pass for medical attention. (*Id.*) Defendant Byrd acknowledged the swelling in Plaintiff's leg and determined that the naproxen which Plaintiff was already prescribed would be sufficient for pain. (*Id.*) He also told Plaintiff to apply a cold compress/ice to the swollen area. (*Id.*)

After about a week of pain and discomfort, Plaintiff sought medical attention again. (*Id.*) On May 24, 2013, Plaintiff was seen by Defendant Ivery, who ordered an x-ray and blood test for possible infection. (*Id.* at ¶ 6.) Plaintiff was also given an ace bandage and told to use an ice compress for two days. (*Id.*) On June 6, 2013, Plaintiff's injured leg was x-rayed. (*Id.* at ¶7.) On June 7, 2013, Plaintiff was scheduled to see Defendant Ivery again, at which time she informed Plaintiff that his leg was fractured. (*Id.* at ¶8.) Plaintiff alleges that he requested that Defendant Ivery show him the x-ray so he could see the fracture, at which time she informed him that she had not seen the x-ray herself. (*Id.*) Plaintiff alleges that Defendant Ivery showed Plaintiff a copy of someone else's fractured leg so she could explain to him where his fracture was located. (*Id.*) Plaintiff requested that Defendant Ivery look at both of his legs so she could make a comparison and notice the degree of swelling, but she refused. (*Id.*) She informed him that the fractured bone is starting to heal and there is nothing more she could do. (*Id.*) Plaintiff states that as a result of his leg never being properly treated properly, he is experiencing numbness in his neck, and feet, uncontrolled twitching, tingling and severe sudden spasm. (*Id.*) Plaintiff is seeking declaratory and monetary relief.

2

## II. DISCUSSION

### A. Legal Standard

**1. Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B), 1915A because Plaintiff is a prisoner proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### B. Analysis

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show (1) deliberate indifference by prison officials to (2) the prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Where prison officials know of the prisoner's serious medical need, deliberate indifference will be

found where the official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). In order to find deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *U.S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979) (internal quotation marks omitted). Claims of negligence or medical malpractice do not constitute deliberate indifference. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001).

In this case, Plaintiff has failed to allege facts showing deliberate indifference on the part of either defendant. After submitting his emergency medical pass, Plaintiff was seen by Defendant Byrd. Defendant Byrd examined Plaintiff and determined the best course of treatment at that time was naproxen and cold compress. Though Plaintiff alleges that Defendant Byrd should have "felt the area for any broken or fractured bones," that claim, at best, would be for medical malpractice. *Singletary*, 266 F.3d at 193. There are no allegations by Plaintiff to indicate that Defendant Byrd knew of Plaintiff's need for medical treatment but intentionally refused to provide it; that he delayed necessary medical treatment based on a non-medical reason; or that he prevented Plaintiff from receiving needed or recommended medical treatment.

After he still felt pain a week later, Plaintiff sought and received medical attention again. Specifically, he was seen by Defendant Ivery, who ordered an x-ray and blood test and provided

5

him with prompt medical care.  Plaintiff appear to allege that Defendant Ivery violated his rights when she conveyed the results of the x-ray to him despite not having examined the x-rays herself. However, according to the exhibit provided by Plaintiff, the x-ray was taken and the results were read, by Dr. Jason Liu, a radiologist.  (Compl., Ex A.)  Defendant Ivery only relayed the results of the x-ray to Plaintiff; she was not involved in the reading of the x-ray.  The fact that Defendant Ivery did not view the x-ray personally but instead relied upon the report by a radiologist is not a constitutional violation.

Plaintiff also appears to allege a claim based on Defendant's Ivery's failure to "look at both of [his] legs so she could make a comparison and notice the degree of swelling."  However, mere disagreement as to the proper medical treatment is insufficient to state a constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).  It is clear from the allegations contained in the Complaint that Defendant Ivery examined Plaintiff and promptly ordered testing to determine the severity of the injury.  She provided him with follow-up treatment to the extent possible. There is no indication that she knew of Plaintiff's need for medical treatment but intentionally refused to provide it; that she delayed necessary medical treatment based on a non-medical reason; or that she prevented Plaintiff from receiving needed or recommended medical treatment.

In sum, Plaintiff has failed to allege deliberate indifference on the part of either defendant.

### III.  CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant

Plaintiff leave to move to re-open this case and to file an amended complaint.[2]   An appropriate order follows.

Dated: 4/29/15

_____
Peter G. Sheridan, U.S.D.J.

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, *Federal Practice and Procedure* ' 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*