**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAVID SELLOW, | : |
| Plaintiff, | : Civil Action No. 15-2736 (PGS) |
| v. | : MEMORANDUM OPINION |
| JEREMY BYRD, et al., | : |
| Defendants. | : |

IT APPEARING THAT:

1. On March 31, 2015, Plaintiff David Sellow ("Plaintiff"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants Jeremy Byrd and Donique Ivery for violating his rights under the Eighth Amendment. (Compl., ECF No. 1.)

2. According to the allegations of the Complaint, on May 16, 2013, Plaintiff injured his leg while working in the prison commissary. Plaintiff submitted an emergency pass for medical attention and was seen by Defendant Byrd. Defendant Byrd acknowledged the swelling in Plaintiff's leg and determined that the naproxen which Plaintiff was already prescribed would be sufficient for pain. He also told Plaintiff to apply a cold compress/ice to the swollen area.

After about a week of pain and discomfort, Plaintiff sought medical attention again and was seen by Defendant Ivery, who ordered an x-ray and blood test for possible infection. Plaintiff was also given an ace bandage and told to use an ice compress for two days. On June 6, 2013, Plaintiff's injured leg was x-rayed and on June 7, 2013, Plaintiff saw Defendant Ivery again, who

informed Plaintiff that his leg was fractured. Defendant Ivery had not seen the x-ray herself but simply conveyed the results of the x-rays which were read by a radiologist. Defendant Ivery informed Plaintiff that the fractured bone is starting to heal and there is nothing more she could do.

3. After conducting its *sua sponte* screening, the Court dismissed the Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. §§ 1915, 1915A. (ECF Nos. 2-3.) Specifically, the Court held that Plaintiff had failed to allege deliberate indifference on the part of either defendant. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (to state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show (1) deliberate indifference by prison officials to (2) the prisoner's serious medical needs)). However, the Court granted Plaintiff permission to file an amended complaint addressing the deficiencies identified. *Id.*

4. On April 15, 2015, Plaintiff submitted his Amended Complaint. (ECF No. 4.) His Amended Complaint contains identical allegations as the original Complaint, except that he now alleges that Defendants Byrd and Ivery's actions "deviated from the accepted medical care ordinarily provided by members in the health care field." (Am. Compl. ¶¶ 5, 8, 10.) However, "deviation from acceptable medical care" is the standard for a medical malpractice claim under New Jersey state law, not an Eighth Amendment violation. *See Nicholas v. Mynster*, 213 N.J. 463, 478 (2013) (to prevail in a medical malpractice action, "ordinarily, a plaintiff must present expert testimony establishing (1) the applicable standard of care; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the injury") (internal quotation marks and citation omitted)).

"Deliberate indifference" is the standard required to state an Eighth Amendment claim and it is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990) (concluding that mere medical malpractice cannot give rise to a violation of the Eighth Amendment).

5. Because Plaintiff has still failed to allege deliberate indifference on the part of either Defendant, the Amended Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, the Court will grant Plaintiff a final opportunity to file an amended complaint which cures the deficiencies noted herein.[1]  An appropriate order follows.

_____
Peter G. Sheridan, U.S.D.J.

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and Acannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint].@ 6 Wright, Miller & Kane, *Federal Practice and Procedure* ' 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*