**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SELLOW, | Civil Action No. 15-2736 (PGS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| JEREMY BYRD, et al., | |
| Defendants. | |

IT APPEARING THAT:

1. On March 31, 2015, Plaintiff David Sellow ("Plaintiff"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants Jeremy Byrd and Donique Ivery for violating his rights under the Eighth Amendment. (ECF No. 1.)

2. According to the allegations of the Complaint, on May 16, 2013, Plaintiff injured his leg while working in the prison commissary. Plaintiff submitted an emergency pass for medical attention and was seen by Defendant Byrd. Defendant Byrd acknowledged the swelling in Plaintiff's leg and determined that the naproxen which Plaintiff was already prescribed would be sufficient for pain. He also told Plaintiff to apply a cold compress/ice to the swollen area.

After about a week of pain and discomfort, Plaintiff sought medical attention again and was seen by Defendant Ivery, who ordered an x-ray and blood test for possible infection. Plaintiff was also given an ace bandage and told to use an ice compress for two days. On June 6, 2013, Plaintiff's injured leg was x-rayed and on June 7, 2013, Plaintiff saw Defendant Ivery again, who

informed Plaintiff that his leg was fractured. Defendant Ivery had not seen the x-ray herself but simply conveyed the results of the x-rays which were read by a radiologist. Defendant Ivery informed Plaintiff that the fractured bone was starting to heal and there was nothing more she could do.

3. After conducting its *sua sponte* screening, the Court dismissed the Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. §§ 1915, 1915A. (ECF Nos. 2-3.) After granting Plaintiff leave to amend, the Court dismissed the Amended Complaint in its entirety for the same reasons. (ECF Nos. 7-8). Specifically, the Court held that Plaintiff had failed to allege deliberate indifference on the part of either defendant. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (to state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show (1) deliberate indifference by prison officials to (2) the prisoner's serious medical needs)). However, the Court granted Plaintiff permission to file a second amended complaint addressing the deficiencies identified. *Id.*

4. On December 23, 2015, Plaintiff submitted his Second Amended Complaint. (ECF No. 9). Plaintiff's Second Amended Complaint contains identical allegations as both the original Complaint and the Amended Complaint. At most, Plaintiff argues that Defendant Byrd was negligent in not referring Plaintiff to a doctor immediately, causing a week's worth of unnecessary suffering. However, "deliberate indifference" is the standard required to state an Eighth Amendment claim and it is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990) (concluding that mere medical malpractice cannot give rise to a violation of the Eighth Amendment).

5. Because Plaintiff has still failed to allege deliberate indifference on the part of either Defendant, the Second Amended Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Because, upon screening the Amended Complaint, the Court granted Plaintiff "a final opportunity" to cure the Amended Complaint's deficiencies, and the Second Amended Complaint fails to do so, the Second Amended Complaint is now dismissed in its entirety with prejudice. (*See* ECF No. 7 at 3). An appropriate order follows.

*[signature]*
_____
Peter G. Sheridan, U.S.D.J.